## VICTOR ANIMATOGRAPH CORP. *v*. UNITED STATES

**No. 4577.**—Invoice dated London, England, September 18, 1937.
Entered at Chicago, Ill., December 17, 1937.
Entry No. 3901.

(Decided May 19, 1939)

*Curtis E. Loehle* for the plaintiff.

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

KEEFE, Judge: This appeal for reappraisement is brought by the importer against the appraiser's action in advancing the *per se* value of photographic lenses imported from England. Wide angle "Speed" Anastigmat Cine lenses and "Speed" Anastigmat lenses, invoiced and entered at £3 0s. 0d. were appraised at £10 0s. 0d. each, less 50 per centum and 5 per centum, and Cine Telephoto lenses, invoiced and entered at £2 15s. 0d. were appraised at £9 4s. 0d. each, less 50 per centum and 5 per centum, packing extra.

At the trial the plaintiff introduced in evidence an affidavit of the manufacturer together with a price list. The Government offered a special agent's report with price list attached thereto. From an examination of all the evidence it is clear that the prices of the lenses in question are the same in both price lists, and the prices appearing therein represent the *per se* prices found by the appraiser. The discounts granted by the manufacturer vary according to the type or kind of purchaser. However, the prices at which the lens were sold to the plaintiff bear no uniform relation to the prices appearing in the price lists. They were the result of negotiation and depended upon the relatively large number of lenses purchased. While the manufacturer stated to the special agent that he was willing to sell any of the lenses for export to the United States to any manufacturer of cameras at the same prices granted the plaintiff, there is no evidence of offers or sales at such prices. In Great Britain sales were made to five customers who usually contracted for 100 or more lenses of one

kind at a time for installation in cameras of their own manufacture at prices which were comparable to the prices paid by the plaintiff. However, it is clear that such sales were not made in the usual course of business, nor that lenses were freely offered to all purchasers at such prices.

It is further disclosed by the special agent's report that prior to the importation of the merchandise here the manufacturer had entered into an exclusive agreement with the Medo Photo Supply Corporation of New York to act as the sole agent in the United States for the sale of lenses. It was agreed between the parties that the prices to be paid by the agent for lenses were list, less 50 per centum and 5 per centum discount. The exclusive sales agreement, however, was not lived up to by the manufacturer because it did not produce the amount of business expected. The special agent's examination of the firm's books disclosed that sales were made to other dealers in the United States as well as to "Medo" at the list prices less discounts of 50 per centum and 5 per centum, and the manufacturer stated that he was willing to sell any of the lenses for export to the United States at the same prices charged Medo. It also appears from the affidavit of the manufacturer that the majority of sales of this class of merchandise in the home market were made at discounts of 50 per centum or slightly more off the list prices.

Inasmuch as the foreign value or the export value of merchandise is defined as being the price at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, the prices offered to manufacturers of cameras would not meet the requirements of the statute of a free offering to all purchasers. The prices adopted by the appraiser as the value of the merchandise are the prices at which the manufacturer is willing to sell the lenses to any purchaser and I am of the opinion that the appraised value represents the prices at which a free offering of lenses is made to all purchasers buying in the usual wholesale quantities.

For the reasons stated the values found by the appraiser represent the dutiable value of the merchandise. Judgment will be entered accordingly.